UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ADAM GARY MARGLON, SR.<br><br>     Plaintiff,<br>vs.<br><br>CITY OF SIOUX FALLS POLICE DEPARTMENT,<br><br>ERIC OLSON, in his personal and official capacity,<br><br>JEFFREY RECH, in his personal and official capacity,<br><br>AARON JENSEN, in his personal and official capacity, and<br><br>SHELLIE SLATTERY, in her official and personal capacity,<br><br>     Defendants. | CIV. 19-4115<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DIRECTING SERVICE, AND DENYING MOTION TO APPOINT COUNSEL |

Pending before the Court is a Motion to Proceed in Forma Pauperis, Doc. 2, Motion to Appoint Counsel, Doc. 4, and Motion to Electronically File Documents, Doc. 6, filed by pro se plaintiff, Adam Gary Marglon, Sr. ("Marglon"). For the following reasons, Marglon's Motion to Proceed in Forma Pauperis is granted and his Motion to Appoint Counsel and Motion to Electronically file documents are both denied. In the Court's screening of Marglon's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses Marglon's claims against Aaron Jensen and Shellie Slattery in their personal and official capacities and dismisses his claims against the Sioux Falls Police Department and Eric Olson and Jeffrey Rech in their official capacities. The Court directs service on Marglon's claims against Eric Olson and Jeffrey Rech in their individual capacities.

## BACKGROUND

Marglon alleges in his pro se Complaint that he was awakened to the sounds of police officers, Eric Olson and Jeffry Rech, pounding on his door. Doc. 1 at 3. When Marglon inquired what the officers wanted, the officers said that they "just wanted to talk." Doc. 1 at 3. Upon entering his apartment, the officers searched the premises, detained, and arrested him. Doc. 1 at 3.

Marglon alleges that "[t]he search of Plaintiff, Adam Marglon, was unreasonable and not authorized by a judge," that *Miranda* warnings were not read to him, and that the officers had no probable cause to enter his residence and arrest him. Doc. 1 at 2, 4. Specifically, Marglon alleges the following facts in his complaint:

> Plaintiff Adam Gary Marglon was arrested after Sioux Falls Police followed up on false statements from Linda (Marglon) Stapleton and Gary Dodd. (See: Marglon v. Stapleton CIV 19-739 (2019)).
>
> Officers knew that the plaintiff no longer owned the vehicle (Dodge Durango) in question, yet still proceeded to arrest the plaintiff against his will. Plaintiff, Adam Marglon pleaded to Officer Olson and Officer Rech, stating he was innocent after he was awakened by the officers pounding on his door. After searching the premises, plaintiff was handcuffed, lightly dressed and brought out into the snow, freezing, where he was placed in the back of the police car (SUV). The handcuffs were tight and constricted the plaintiff as he was very uncomfortable and afraid of what awaited him en route to the Minnehaha county jail.
>
> It was extreme and outrageous conduct on behalf of law enforcement and a reckless disregard of plaintiff's human rights. The officers had no probable cause and acted negligently under color of the law, (acting without further investigation.) The officers did not take the facts into consideration even after they were informed that the plaintiff was not 'clearly' identified in the incident. Eventually, all charges against the plaintiff were dismissed by the Prosecutor.
>
> Their negligent actions inflicted mental and emotional distress as well as humiliation, fright, shock, trauma and grief.

Doc. 1 at 2.

Marglon also alleges that he was incarcerated over the weekend and subjected to harsh conditions. Doc. 1 at 3. Marglon alleges that while incarcerated, he was "denied medical attention for his PTSD depression and anxiety after crying out to the guards for treatment," and that "[t]hey responded back on the intercom, but never provided [him] with proper medical treatment." Doc. 1 at 4.

2

On July 8, 2019, Marglon filed a pro se complaint against City of Sioux Falls Police Department; Eric Olson in his personal and official capacity; Jeffrey Rech in his personal and official capacity; Aaron Jensen in his personal and official capacity; and Shellie Slattery in her personal and official capacity. Therein, he alleges, pursuant to 42 U.S.C. § 1983, claims for unlawful entry and false arrest in violation of the Fourth and Fourteenth Amendments; and a claim for malicious prosecution. Marglon seeks an order from the Court declaring that the actions and inactions of defendants violated his Fourth Amendment rights under the United States Constitution, as well as compensatory and general damages.

Filed by Marglon and pending before the Court is a Motion to Proceed in Forma Pauperis, Doc. 2; Motion to Appoint Counsel, Doc. 4; and a Motion to Electronically File Documents, Doc. 6.

## DISCUSSION

### I. Application to Proceed in Forma Pauperis

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Based upon Marglon's affidavit, Marglon indicates that he is receiving public assistance, that he has several past-due debts, and that his expenses exceed his monthly income. Doc. 2. Considering the information in the financial affidavit, the Court finds that Marglon has made the requisite financial showing to proceed in forma pauperis.

### II. Screening of Complaint under 28 U.S.C. § 1915(e)(2)(B)

But the inquiry does not end there. Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed *in forma pauperis* to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be

granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 480 U.S. 319, 324 (1989)).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted at true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. (citation omitted)*.

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Pursuant to 42 U.S.C. § 1983, Marglon alleges that defendants, acting under color of state law, violated his constitutional rights under the Fourth and Fourteenth Amendments. Section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (citation omitted) (stating that § 1983 "merely provides a method for vindicating federal rights

elsewhere conferred."). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Defendants Aaron Jensen and Shellie Slattery

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which its rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The Court finds that the Complaint is completely devoid of any allegations against either Aaron Jensen ("Jensen") or Shellie Slattery ("Slattery"). Because Marglon does not assert that either Jensen or Slattery acted "under color of law," he has failed to state a § 1983 claim against them. The Court concludes that Marglon has likewise failed to state a claim against these defendants in their capacity as private individuals. The Complaint does not give defendants Jensen or Slattery fair notice of Marglon's claims against them and thus any alleged claims against Jensen or Slattery do not meet the pleading standard of Rule 8(a)(2). In addition, Marglon lacks standing to bring his claims against these defendants because he has failed to allege that he suffered an injury in fact that can be fairly traceable to Jensen or Slattery. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

### B. Claims against Sioux Falls Police Department and Official Capacity Claims against Officers Olson and Rech

Marglon has asserted claims against the Sioux Falls Police Department and against officers Eric Olson and Jeffrey Rech in their official capacities.[1]

Generally, municipal police departments are not considered legal entities subject to suit under § 1983. *Running Shield v. Huether*, Civ. No. 17-4095, 2018 WL 3651353, at *3 (D.S.D. Aug. 1, 2018) (J. Piersol) (citing *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir.

---

[1] An official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In an official-capacity action, for a governmental entity to liable under 1983, the entity itself must be the "'moving force'" behind the deprivation. *Id.* at 166 (citation omitted).

1992) (affirming district court's decision dismissing police department defendant under Federal Rule of Civil Procedure 12(b)(6) because it is not a "juridical entit[y] suable as such . . . [but rather a] department[] or subdivision[] of the City government.")); *see also, Diggs v. City of Osceola*, 270 Fed. Appx. 469, at * 1 (8th Cir. 2008) (unpublished); *Shannon v. Koehler*, Civ. No. 08-4059, 2008 WL 4735265, at *2-4 (N.D. Iowa Oct. 13, 2008) (collecting cases). Nor can the Sioux Falls Police Department be held vicariously liable for the actions of its employees. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (stating that vicarious liability is not actionable under § 1983).

While municipalities and other local government units such as the City of Sioux Falls and their officials can be sued directly under § 1983 for monetary, declaratory, or injunctive relief, such claims are viable only where the action that is alleged to be unconstitutional implements or executes a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A "policy" is defined as "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999); *see also Pembauer v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986). In order to prove a "custom" a plaintiff must show:

(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

(2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

(3) Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, *i.e.*, [proof] that the customer was the moving force behind the constitutional violation.

*Mettler*, 165 F.3d at 1204 (quoting *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 646 (8th Cir. 1990) (alterations in original)).

Here, there are no allegations in the Complaint, nor any facts to support that the alleged violations of Marglon's constitutional rights by officers Olson and Rech was done pursuant to a municipal policy, custom or practice. Accordingly, Marglon's claims against the Sioux Falls Police Department and claims against officers Olson and Rech in their official capacities are dismissed for failure to state a claim upon which relief may be granted.

**C. Personal Capacity Claims Against Officers Olson and Rech**

Personal-capacity suits seek to impose personal liability upon government officials for actions taken under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. *Id.*

*1. Unlawful Entry and Wrongful Arrest Claims*

Marglon alleges that officers Olson and Rech entered his residence and arrested[2] him absent probable cause. Marglon has sued officers Olson and Rech in their personal capacities under § 1983 for allegedly violating his Fourth Amendment rights and his Fourteenth Amendment due process rights while acting under color of state law.

Because Marglon's claim is covered by the Fourth Amendment, his claim "must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997).

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)).

*i.     Unlawful Arrest Claim*

The Fourth Amendment requires an arrest to be supported by probable cause.[3] *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005). An officer has probable cause for an arrest "when the totality of the circumstances demonstrates that a prudent person would believe that the

---

[2] Presumably, Marglon was arrested for stalking and domestic violence-related offenses. Attached to Marglon's complaint was a report from the South Dakota Unified Judicial System detailing the offenses that Marglon was charged with and noticing that all charges were dismissed on motion made by the prosecutor in that case.

[3] Because the charges for which Marglon was arrested appear to have been dismissed by motion of the prosecutor in his criminal case in Minnehaha County, South Dakota, the Court concludes that at this stage, Marglon's claims do not appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, "[w]hen 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . .' § 1983 is not an available remedy." *Skinner v. Switzer*, 562 U.S. 521, 533 (2011) (quoting *Heck*, 512 U.S. at 487). That prohibition does not apply here given the dismissal of the charges on motion by the prosecution.

arrestee has committed or was committing a crime." *Kuehl v. Burtis,* 173 F.3d 646, 650 (8th Cir. 1999). As stated by the Eighth Circuit Court of Appeals:

> [B]ecause the *totality* of circumstances determines the existence of probable cause, evidence that tends to negate the possibility that a suspect has committed a crime is relevant to whether the officer has probable cause. An officer contemplating an arrest is not free to disregard plainly exculpatory evidence, even if substantial inculpatory evidence (standing by itself) suggests that probable cause exists.

*Id.* (citation omitted). In this sense, the Fourth Amendment requires that the Court analyze the weight of all the evidence—not merely the sufficiency of the incriminating evidence—in determining whether the officers in this case had probable cause to arrest Marglon for stalking and domestic violence. *See id.*

Additionally, "law enforcement officers have a duty to conduct a reasonably thorough investigation prior to arresting a suspect, at least in the absence of exigent circumstances and so long as law enforcement would not [be] unduly hampered ... if the agents ... wait[ ] to obtain more facts before seeking to arrest." *Id.* (alterations in original). Probable cause "does not exist when a minimal further investigation would have exonerated the suspect." *Id.* (internal quotations omitted).

The Court cannot conclude that at this stage, Marglon's unlawful arrest claims are wholly without merit. Marglon alleges that officers Olson and Rech arrested him absent probable cause.[4] Specifically, Marglon alleges that the arrest by the officers was based on false statements by Linda Marglon and Gary Dodd that the officers knew he did not own the Dodge Durango in question, but arrested him without further investigation. All charges against Marglon were dismissed on motion by the prosecutor in Marglon's criminal case in Minnehaha County, South Dakota. For these reasons, the Court concludes that the claims against officers Olson and Rech in their individual capacities regarding "false arrest" survive review under § 1915(e)(2)(B) and should not be dismissed as this time.

    ii.    *Unlawful Entry Claim*

---

[4] Marglon's allegation that the officers failed to read him his *Miranda* rights does not support a cause of action arising under § 1983. *See Cota v. Chapa,* 2 F. App'x 621, 622 (8th Cir. 2001) (citing *Warren v. City of Lincoln,* 864 F.2s 1436, 1442 (8th Cir. 1989)) (stating that the only remedy for a *Miranda* violation is the exclusion of any compelled testimony arising therefrom).

Marglon alleges that he awoke to officers Olson and Rech pounding at his door and that when he asked them what they wanted, they said that they wanted to talk. There is no allegation that the officers used force to enter the apartment. Marglon alleges that upon entering his apartment, they started searching his premises, detained, and arrested him.

"[P]olice officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home." *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002) (citing *Payton v. New York*, 445 U.S. 573 (1980)). As stated above, Marglon does not specifically allege that the officers lacked an arrest or a search warrant, although he does allege that the search of his person was unreasonable and not authorized by a judge.[5] Marglon alleges that the officers lacked probable cause to enter his apartment and arrest him. As with his claim for unlawful arrest, the Court cannot say that at this point, Marglon's unlawful entry claims are wholly without merit.

### 2. Malicious Prosecution Claim

It appears from Marglon's complaint that he is asserting a malicious prosecution claim again defendants under § 1983. In his complaint, he cites *Murphy v. Lynn*, 118 F.3d 938, 944-47 (2d Cir. 1997) which involves a malicious prosecution claim brought by a plaintiff pursuant to § 1983.

The Court concludes that Marglon has failed to state a claim for malicious prosecution against the Sioux Falls Police Department. As noted above, the Sioux Falls Police Department is not a suable entity. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Furthermore, a municipality may not be held vicariously liable for the actions of its employees, *see Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988), and there are no allegations in the complaint that the alleged actions that form the basis of Marglon's malicious prosecution claim were done pursuant to a policy or custom sufficient to establish municipal liability, *see Monell*, 436 U.S. at 690-91.

Whether or not Marglon has stated a claim for malicious prosecution under § 1983 for which relief may be granted against officers Olson and Rech in their individual capacities is less clear. Section 1983 only provides a remedy for violations of rights expressly secured by federal statutes or the Constitution. *Albright*, 510 U.S. at 271. As late as April of 2012, the Eighth Circuit

---

[5] It is unclear from the facts where the alleged the search of Marglon's person occurred—at his apartment or at the jail.

Court of Appeals held that malicious prosecution was not a violation of substantive due process, but declined to decide "the issue of whether or when malicious prosecution violates the Fourth Amendment." *Harrington v. City of Council Bluffs*, 678 F.3d 676, 680-81 (8th Cir. 2012)); *see Rehberg v. Paulk*, 566 U.S. 356, 366 (2012) ("[T]he Court does not suggest that § 1983 is simply a federalized amalgamation of pre-existing common-law claims, an all-in-one federal claim encompassing the torts of assault, trespass, false arrest, defamation, malicious prosecution, and more."). The court stated "[if] malicious prosecution is a constitutional violation at all, it probably arises under the Fourth Amendment." *Harrington*, 678 F.3d at 679; *see also Bates v. Hadden*, 576 Fed.Appx. 636, 639 (8th Cir. 2014) (per curiam) (affirming district court's finding of qualified immunity on malicious prosecution claim "because no such constitutional right had been clearly established."). In *Manuel v. City of Joliet*, Justice Alito pointed out that the Supreme Court has not resolved the issue of "whether a claim of malicious prosecution may be brought under the Fourth Amendment." 137 S.Ct. 911, 923 (2017); *see also McDonough v. Smith*, 139 S.Ct. 2149, 2156 n.3 (2019) (recognizing that the Court has not defined the elements of a constitutional malicious prosecution claim brought under § 1983).

The Eighth Circuit Court of Appeals has been clear, however, that an allegation of malicious prosecution without a corresponding constitutional violation, cannot sustain a civil rights claim under § 1983. *See, e.g., Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) ("[A]n allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983."); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (stating that "malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."); *McNees v. City of Mtn. Home*, 993 F.2d 1359, 1361 (8th Cir. 1993) (stating that a claim for malicious prosecution is not cognizable under § 1983 if it does not allege a constitutional or federal statutory injury).

As stated above, read liberally, Marglon's Complaint can be taken to assert a claim against officers Olson and Rech for entering his apartment and arresting him absent probable cause in violation of his Fourth Amendment rights. The Court cannot say at this juncture that Marglon's § 1983 malicious prosecution claim is wholly without merit.

### III. Motion to Appoint Counsel

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). "In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir.1982) (internal quotations and citation omitted).

In determining whether to appoint counsel to a *pro se* litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Stevens*, 146 F.3d at 546 (citation omitted). Considering these factors, the Court does not deem it necessary to appoint counsel at this early stage in litigation.

The Court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

Accordingly, it is hereby ORDERED that:

1) Marglon's Motion to Proceed in Forma Pauperis, Doc. 2, is GRANTED; and

2) Marglon's Motion to Appoint Counsel, Doc. 4, is DENIED WITHOUT PREJUDICE; and

3) Marglon's Motion for Permission to Electronically File Documents, Doc. 6, is DENIED; and

4) Marglon's alleged claims against Aaron Jensen and Shellie Slattery in their individual and official capacities are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for lack of standing; and

5) Marglon's claims against the Sioux Falls Police Department are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B); the Sioux Falls Police Department is not a juridical entity and Marglon has failed to state a claim for municipal liability upon which relief may be granted; and

6) Marglon's claims against Eric Olson and Jeffrey Rech in their official capacities are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and

7) Marglon's claims for unlawful entry, false arrest, and malicious prosecution pursuant to 42 U.S.C. § 1983 against Eric Olson and Jeffrey Rechs in their individual capacities survive screening under 28 U.S.C. § 1915(e)(2)(B); and

8) Marglon shall complete and send to the Clerk of Court summonses and USM-285 forms for defendants Eric Olson and Jeffrey Rechs in their individual capacities. Upon receipt of the completed summonses and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summonses and USM-285 forms are not submitted as directed, the complaint may be dismissed; and

9) The United States Marshall shall serve the completed summonses, together with a copy of the complaint and this order, upon defendants Eric Olson and Jeffrey Rechs.

Dated this 24th day of February, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK